IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEOFFREY WILLARD ATWELL<br>PLAINTIFF | : | CIVIL ACTION – LAW |
| | : | |
| v. | : | NO. 1: CV-99-0350<br>(JUDGE RAMBO) |
| | : | |
| JUSTIN SMITH, DONALD R. ORNER,<br>JOSEPH SEBESTIENELLI, BRIAN<br>CLARK, NICHOLAS B. LOSCHICHAK,<br>JAMES R. GRAHAM, T. WEAVER,<br>H. STOKES, T. COLLINS, THOMAS<br>DURAN, BRUCE A. CLUCK,<br>J. JENNINGS, R. FOY, DEPUTY<br>WARDEN HANKEY, W. ORTH,<br>M. MASEMER, C.D. WILLIAMS,<br>K. GRIFFIN AND ROCKY NEWMAN,<br>DEFENDANTS | : | |
| | : | FILED<br>HARRISBURG, PA<br>MAR 02 2001<br>BY __ D'ANDREA, CLERK<br>Deputy Clerk |
| | : | JURY TRIAL DEMANDED |

**POST-TRIAL BRIEF OF RESPONDENTS/DEFENDANTS, JUSTIN SMITH,
DONALD R. ORNER, JOSEPH SEBESTIENELLI, THOMAS WEAVER,
HAROLD STOKES, THOMAS COLLINS, THOMAS DURAN, BRUCE A.
CLUCK, J. JENNINGS, R. FOY, DEBORAH A. HANKEY, WILLIAM
ORTH, CAROL WILLIAMS AND ROCKY NEWMAN**

I. **INTRODUCTION**

Plaintiff Geoffrey Atwell has filed post-trial motions which consist of nothing but conclusory allegations and statements of fact unsupported by any discussion of how those facts entitle him to relief. Since he has not stated with particularity any grounds for post-trial relief, his claims should be deemed waived. In any event, the record establishes beyond doubt that Mr.

Atwell received adequate, and indeed exemplary, medical and dietary care while incarcerated at the Adams County Prison. Therefore, even if his claims are not waived, they are meritless.

## II. COUNTERSTATEMENT OF THE FACTS AND PROCEDURAL HISTORY

Plaintiff Geoffrey Atwell (hereinafter referred to as "Mr. Atwell") was at all times relevant to this litigation an inmate at the Adams County Prison. On or about February 22, 1999, Mr. Atwell commenced this action by filing a Civil Complaint in the United States District Court for the Middle District of Pennsylvania against a number of defendants, including the instant respondents, Adams County Commissioners Thomas Weaver, Harry Stokes and Thomas Collins, Adams County Prison Warden Thomas Duran, Deputy Wardens Bruce A. Cluck and D.W. Hankey, and Corrections Officers Joseph Sebestienelli, Justin Smith, Donald R. Orner, J. Jennings, R. Foy, William Orth, Carol Williams and Rocky Newman (hereinafter referred to collectively as "the Adams County defendants"). Although extremely vague and conclusory, the Complaint, brought pursuant to 42 U.S.C. §1983, essentially asserts four claims: (1) certain of the Adams County defendants falsely issued misconduct citations to Mr. Atwell; (2) certain of the Adams County defendants conducted an unconstitutional search of Mr. Atwell's cell on February 2, 1999; (3) Mr. Atwell was routinely denied adequate medical and dietary care as required to treat his diabetes, gout and hypertension, and; (4) Mr. Atwell, who is white, was a victim of reverse racial discrimination because black inmates at the Adams County prison receive preferential treatment. (A true and correct copy of Plaintiff's Complaint is attached to Defendants' Motion for Summary Judgment as Exhibit "A").[1] Following the filing of Mr. Atwell's Complaint, the case was assigned to Your Honor.

---

[1] Because the Exhibits (including plaintiff's medical records) are voluminous, defendants have not included a separate copy with this post-trial brief. Instead, for ease of reference and to avoid burdening the Court with yet another weighty copy of the same documents, defendants will refer to the Exhibits attached to their Motion for Summary Judgment.

2

The Adams County defendants filed an Answer with Affirmative Defenses to Mr. Atwell's Complaint on May 26, 1999. (A true and correct copy of Defendants' Answer to Plaintiff's Complaint is attached to Defendants' Motion for Summary Judgment as Exhibit "B"). The defense also attempted to participate in limited discovery, but Mr. Atwell repeatedly failed to answer such discovery. Thereafter, the Adams County defendants filed a Motion for Summary Judgment.

By Report and Recommendation dated March 19, 1999, Magistrate Judge J. Andrew Smyser recommended the dismissal of Mr. Atwell's claims relating to allegedly false citations, an unconstitutional search, and racial discrimination. However, Magistrate Judge Smyser permitted Mr. Atwell's claim that he was deprived of adequate medical and dietary care to proceed against three of the Adams County defendants, Warden Duran and Deputy Wardens Cluck and Hankey. By Order dated September 29, 2000, Your Honor adopted the Report and Recommendation of Magistrate Judge Smyser. Consequently, only Mr. Atwell's claims relating to inadequate medical and dietary care proceeded to trial.

Trial commenced on January 8, 2001. At the close of Mr. Atwell's case-in-chief, defense counsel submitted a Motion for Judgment as Matter of Law pursuant to F.R.Civ.P. 50. The Court granted the Motion in large part, dismissing Mr. Atwell's claim of dietary indifference as to all defendants and dismissing the claim of inadequate medical care (specifically, failure to conduct adequate blood testing) as to Commissioners Thomas Weaver, Harry Stokes and Thomas Collins and Deputy Warden Cluck. As a result of these dismissals, the case proceeded solely on Mr. Atwell's claim of inadequate medical care against Warden Duran and Deputy Warden Hankey. On January 10, 2001, the jury returned a verdict in favor of the defense. Mr. Atwell has now filed post-trial motions seeking relief from the jury's verdict. For reasons set forth below, no relief is warranted.

### III. COUNTERSTATEMENT OF QUESTIONS INVOLVED

1. **WHETHER PLAINTIFF'S POST-TRIAL CLAIMS ARE WAIVED WHERE HE HAS PROVIDED NOTHING BUT A LITANY OF VAGUE AND UNSUPPORTED ALLEGATIONS WHICH DO NOT IDENTIFY ANY TRIAL ERRORS WITH THE REQUIRED PARTICULARITY?**

   Suggested Answer: Yes

2. **WHETHER PLAINTIFF IS ENTITLED TO POST-TRIAL RELIEF, EVEN IF HIS CLAIMS ARE NOT WAIVED FOR LACK OF PARTICULARITY?**

   A. Whether Plaintiff's Claim That Defendants Did Not Provide Adequate Medical and Dietary Care Was Properly Rejected At Trial Where The Evidence Overwhelmingly Established That Plaintiff Received Adequate, And Indeed Ample, Care At All Times?

   Suggested Answer: Yes

   B. Whether Plaintiff Was Afforded His Constitutional Right Of Access To The Courts Despite This Court's Refusal To Appoint Counsel To Represent Him?

   Suggested Answer: Yes

### IV. ARGUMENT

1. **PLAINTIFF'S POST-TRIAL CLAIMS ARE WAIVED BECAUSE HE HAS PROVIDED NOTHING BUT A LITANY OF VAGUE AND UNSUPPORTED ALLEGATIONS WHICH DO NOT IDENTIFY ANY TRIAL ERRORS WITH THE REQUIRED PARTICULARITY?**

Local Rule 7.23 of this Honorable Court mandates that, in seeking post-trial relief, a party "must state <u>with particularity</u> any trial errors alleged as grounds for a new trial." U.S. District Court – Middle District, LR 7.23 (emphasis added). Federal courts sitting in Pennsylvania have repeatedly found waiver where a party simply asserts conclusory allegations of constitutional violations or

4

otherwise fails to develop his arguments with a discussion of relevant facts and law.  See <u>DiRocco v. Anderson</u>, 1986 U.S.Dist.LEXIS 18202, *11 (E.D.Pa. 1986) ("Defendant states conclusorily that plaintiffs Fourteenth Amendment claims must also be dismissed because Officer Anderson's conduct 'was not based on any state policy.' Since defendant never develops this argument, the Court will treat this issue as waived."); <u>Camden Ordnance Mfg. Co. of Ark., Inc. v. United States Trustee</u>, 2000 U.S.Dist.LEXIS 2701, *28 (E.D.Pa. 2000)("Camden fails to develop its purported constitutional arguments. While Camden refers to Article I, the Fifth Amendment and the Thirteenth Amendment, Camden fails to explain, specifically, how these constitutional provisions could possibly be violated [here]. Therefore, I will not address Camden's purported constitutional arguments."); <u>Student Pub. Interest Research Group v. AT & T Bell Lab</u>., 842 F.2d 1436, 1439 (3rd Cir. 1988)("We will affirm the district court . . . because plaintiffs waived the point by failing to develop a record on the issue.").

Despite the fact that he is proceeding pro se, Mr. Atwell has an obligation to comply with all applicable rules of court.  See e.g., <u>Butler v. Beneficial Management Corp</u>., 2000 U.S. Dist. LEXIS 14002 (E.D. Pa. 2000)("A pro se plaintiff is not excused from compliance with the federal rules and court orders.").  Nonetheless, Mr. Atwell has made little effort to fulfill his obligation under LR 7.23 to "state with particularity" the bases upon which he is seeking post-trial relief.  Instead, he has filed a post-trial brief containing approximately 47 allegations which are extremely vague and confusing, and which make little effort to explain the bases on which post-trial relief should be granted.

Nearly all of Mr. Atwell's allegations fall into one of three categories: unsupported conclusions of law; statements of fact unaccompanied by any discussion of how such facts entitle him

5

to post-trial relief; and bald claims that he was not served with various document filed by the Court and the defense. Examples of the first category include bald allegations that the court's refusal to appoint counsel unfairly aided the defense, (see Plaintiff's Post-Trial Brief, ¶V(B)(1)), the court did not follow the laws of Pennsylvania (¶V(B)(3)), defendants and their counsel conspired to deprive Mr. Atwell of his civil rights (¶V(B)(4)), defendant Duran committed perjury (¶V(B)(8)), Mr. Atwell was denied access to the courts (¶V(B)(16)),[2] after-discovered evidence was improperly denied by the court (¶V(B)(17)), ACP Health Services Exhibit VIII violates state and local rules (¶V(B)(17)), Mr. Atwell's rights were violated when he was precluded from calling his fellow inmates as witnesses (¶V(c)(1)(a)), he should have been appointed counsel because his action is meritorious (¶V(c)(1)(b)), his access to the courts was violated (¶V(c)(2)), defendants violated various statutes (¶V(c)(5), and the defendants' refusal to provide the required diet adversely affected his health (¶V(c)(9)).

In addition to these largely undeveloped legal conclusions, Mr. Atwell lists a number of facts without explaining how or why those facts entitle him to post-trial relief. For instance, he notes that defendants' Trial Exhibit 8 does not list ACP breakfasts or dates (¶V(B)(10)), his trial exhibits were not submitted to the jury (¶V(B)(13)), ACP meals are not approved by a culinary dietician (¶V(B)(15)), he is precluded from filing a post-trial reply brief (¶V(B)(18)), and his self-maintained meal records were not permitted by the court (¶V(C)(6). Mr. Atwell makes no effort to explain the legal significance of these facts, how the Court's decisions with regard to

---

[2] Approximately half of Mr. Atwell's allegations center on the claims that counsel should have been appointed to represent him, and that he was effectively denied access to the courts. (See ¶¶V(B)(1), (14a-g(1-7), h-k), (16), (C)(1)(b), (2)). These claims are addressed infra.

6

these facts were erroneous, or how he suffered any prejudice as a result of the existence of these facts.

Finally, in eight paragraphs of his post-trial brief, Mr. Atwell claims baldly that he was not served with, or not timely served with, various documents filed by the Court and the defense. (¶¶V(B)(5), (6), (11), (12), (14e, k), (C)(4), (8). In addition to the fact that he apparently did not raise these claims when he first discovered that he did not receive the documents, all documents served by the Adams County defendants contained a certificate of service establishing service on Mr. Atwell. Moreover, to the extent that Mr. Atwell is claiming that he did not receive service of certain documents because he was temporarily housed at SCI Camp Hill, rather than SCI Dallas, (¶¶V(B)(5), (6)), the Standing Practice Order of March 4, 1999, which Atwell received, provides that a "pro se plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change in writing." Mr. Atwell does not acknowledge this obligation, much less explain why he apparently failed to fulfill it by keeping the Court apprised of his temporary residence at SCI Camp Hill.

In all of these respects, Mr. Atwell has completely failed to "state with particularity any trial errors alleged as grounds for a new trial." L.R. 7.23. As a result, this Honorable Court should concluded that Mr. Atwell's post-trial claims are waived. See DiRocco, Camden Ordnance, and Student Pub. Interest Research Group, supra. Nonetheless, even if the claims are not deemed waived, they are meritless.

7

## 2. EVEN IF THIS HONORABLE COURT DECLINES TO FIND WAIVER, PLAINTIFF'S POST-TRIAL CLAIMS MUST FAIL ON THE MERITS.

### A. Plaintiff's Claim That Defendants Did Not Provide The Required Diet And Adequate Blood Testing Was Properly Rejected At Trial Where The Evidence Overwhelmingly Indicated That Plaintiff Received Adequate, And Indeed Ample, Care.

As discussed above, this Court's Order of September 29, 2000, adopted Magistrate Judge Smyser's recommendations that all of Mr. Atwell's claims be dismissed, except for his claims relating to dietary indifference and inadequate blood testing. Only these claims proceeded to trial. Following Mr. Atwell's case-in-chief, this Court granted defendants' Rule 50 Motion as to the dietary indifference claim. The jury then returned a defense verdict on the claims relating to inadequate blood testing. In his post-trial brief, Mr. Atwell challenges the Court's dismissal of his dietary indifference claim and the jury's rejection of his blood testing claim. No post-trial relief is due.

Initially, as to the Court's dismissal of the dietary indifference claim under Rule 50, it is clear that such dismissal was warranted if "the facts and the law will reasonably support only one conclusion." Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78, 88 (3d Cir. 2000), citing McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 356, 111 S. Ct. 807, 818, 112 L. Ed. 2d 866 (1991). Stated otherwise, dismissal of the dietary indifference claim was proper "if, viewing the evidence in the light most favorable to [Mr. Atwell] and giving [him] the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir.1993).

As to the jury's verdict on Mr. Atwell's claim of inadequate blood testing, the standard of review is equally well-settled. The jury's verdict will be overturned "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable

8

inference, there is insufficient evidence from which a jury reasonably could find liability." Fultz v. Dunn, 165 F.3d 215, 218 (3d Cir. 1998)(citation omitted).

Since Mr. Atwell's claims of dietary indifference and inadequate blood testing both involve allegedly inadequate medical care, and because he has presented these claims together, they will be addressed together in this brief. While different standards of review apply to these claims, the difference is irrelevant because even under the more stringent standard - the Rule 50 standard viewing the evidence in the light most favorable to Mr. Atwell – both claims were properly rejected.

Of course, "in order to succeed in this lawsuit, plaintiff would have to show that his serious medical needs were either intentionally ignored or handled with such gross negligence, recklessness and inattention as to amount to studied neglect of his serious medical needs." Burton v. Prison Health Services, Inc., 1993 U.S. Dist. LEXIS 3781, *3 (E.D.Pa. 1993). Claims of medical neglect, which are analyzed under the Eighth Amendment's bar on cruel and unusual punishment, will succeed only where the prison's conduct amounts to "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). This Honorable Court has explained that deliberate indifference is more than an inadvertent or good faith error; it is characterized by obduracy and wantonness. See Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. 1996). In considering whether deliberate indifference is established, the fact that plaintiff does not approve of his care is irrelevant, so long as the care is adequate. See Norris v. Frame, 585 F.2d 1183 (3rd Circuit 1978); and Farley v. Doe, 840 F.2d 356 (E.D. Pa. 1993) (holding that plaintiff did establish constitutional violation where he received extensive medical treatment, although he disapproved of treatment). Finally, the Little Court noted that prison medical authorities are given considerable latitude with respect to diagnosing and treating inmates. Id. at 815 ("Courts disavow

9

any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.").

Instantly, Mr. Atwell has produced no evidence that his medical and dietary needs were neglected in any fashion, much less "intentionally ignored or handled with such gross negligence, recklessness and inattention as to amount to studied neglect[.]" Burton, supra. To the contrary, the record clearly establishes that Mr. Atwell received adequate, and indeed ample, attention to his medical and dietary needs at all times.

Initially, the evidence clearly indicates that, at the time of Mr. Atwell's processing into the Adams County Prison, an Individual Commitment Summary was completed and Mr. Atwell received an inmate rules and regulations handbook. (True and correct copies of the Individual Commitment Summary and Handbook Acknowledgment are attached to Defendants' Motion for Summary Judgment respectively as Exhibits "H" and "I"). Warden Duran also stated in his Affidavit that, within five days of arrival at the prison, each inmate receives a comprehensive health examination. (A true and correct copy of Warden Thomas Duran's Affidavit is attached to Defendants' Motion for Summary Judgment as Exhibit "E"). During this examination, the prison determines what medical restrictions, medications, special diets and other care are necessary for each inmate. Pursuant to their comprehensive examination, prison authorities determined what medications, diet and other care were necessary to sustain Mr. Atwell's health. (A true and correct copy of the Health Examination form for Mr. Atwell is attached to Defendants' Motion for Summary Judgment as Exhibit "J"). Warden Duran stated unequivocally in his Affidavit that Mr. Atwell was given all necessary pharmaceuticals, medical care and a proper diet at all times. (See Duran Affidavit – Exhibit "E" to Summary Judgment Motion).

10

Warden Duran's testimony is confirmed by a review of Mr. Atwell's voluminous medical records, which reveal beyond doubt that he received not only adequate, but ample, medical care. These medical records establish that Mr. Atwell was treated by no less than three specialists, Drs. Dave, Manning and Posner. (True and correct copies of Mr. Atwell's lengthy medical records are attached to Defendants' Motion for Summary Judgment as Exhibit "K"). In his deposition, Mr. Atwell acknowledged that he was repeatedly treated by these physicians. (A true and correct copy of Mr. Atwell's Deposition is attached to the Defendants' Motion for Summary Judgment as Exhibit "C"). The medical records also indicate beyond question that Mr. Atwell was provided with all necessary medication, although he admittedly refused to take such medication for at least one period exceeding thirty days. Significantly, the records also establish that Mr. Atwell was treated regularly by the prison's contract physician, Dr. Posner, and Atwell admits that blood sugar and blood tests were taken on a regular basis. This fact is confirmed by Warden Duran's Affidavit as well. Taken as a whole, Mr. Atwell's voluminous medical records provide irrefutable proof that he received all necessary medical and dietary care. As a result, he cannot establish that his needs were "intentionally ignored or handled with such gross negligence, recklessness and inattention as to amount to studied neglect[.]" Burton, supra. Moreover, since his care was obviously adequate, no constitutional violation can be found, even if Mr. Atwell was not personally satisfied with his treatment. Norris, Farley, supra.

Taken together, Warden Duran's Affidavit and the prison medical records are clearly sufficient to defeat Mr. Atwell's claims of dietary indifference and inadequate medical care. Indeed, this is precisely the type of evidence necessary to defeat such claims. See e.g., Burton, supra. at 3781, *1 ("[D]efendant filed a motion to dismiss, accompanied by affidavits and other materials setting forth in great detail the extensive medical treatment accorded plaintiff. On their

11

face, these documents show that plaintiff has no basis for complaint about his medical treatment in any respect, let alone a basis for suggesting that his constitutional rights were violated.").

The trial testimony further confirmed that Mr. Atwell's dietary care was entirely adequate.[3] In particular, the defense presented two dieticians employed by the prison's food supplier. These dieticians testified consistently and unequivocally that all meals met the requirements of an ADA 2000 diet, the plan prescribed by Mr. Atwell's physician as a result of his Level II diabetes. In contrast, Mr. Atwell presented a physician, Dean Quimby, M.D., who had not treated Mr. Atwell for more than three years and had not seen him since his incarceration. Obviously, Dr. Quimby could not present any meaningful testimony concerning Mr. Atwell's care during his incarceration at the Adams County Prison. Mr. Atwell also attempted to meet his burden of proof by calling several defendants as of cross-examination, but these defendants testified consistently that Atwell received appropriate medical and dietary care. This testimony was reiterated during the defense case.

Aside from the ample evidence indicating that his medical and dietary needs were met, it is noteworthy that Mr. Atwell does not claim any particular damage as a result of the alleged inattention of the prison to his medical and dietary needs. Instead, in his Complaint, he averred simply that he "expects severe medical problems shortly." The federal courts have required that claims of medical neglect are insufficient unless they also allege that the neglect resulted in harm. See e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976)("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.")(emphasis added). Here, Mr. Atwell's inability to specify any particular harm, and his general reliance on "expected" harm, are additional bases on which his post-trial claims must be rejected.

---

[3] The trial testimony has not been transcribed.

### B. Plaintiffs Constitutional Right Of Access To The Courts Was Not Infringed By The Refusal Of This Court To Appoint Counsel.

A significant portion of Mr. Atwell's post-trial brief focuses on the claim that he was denied access to the courts. This claim is made explicitly on three occasions, although in a highly conclusory fashion. (See ¶¶V(B)(14b), (16) and (C)(2)). This claim is also made implicitly through Mr. Atwell's numerous references to his pro se status and the refusal of this Court to appoint counsel pursuant to 28 U.S.C. §1915. (See ¶¶V(B)(1), (4), (14a-k), (17), (C)(1)(a-b)). While Mr. Atwell makes passing references to alleged limitations upon his ability to make photocopies and other administrative matters,[4] his claim regarding access to the courts focuses almost exclusively on the refusal to appoint counsel. For reasons which follow, this Court properly refused to appoint counsel.

Initially, "the right of access does not include the right to counsel in civil cases, even those involving constitutional issues." See Collins v. Algarin, 1998 U.S. Dist. LEXIS 83, *22 (E.D. Pa. 1998), citing Lassiter v. Department of Social Servs., 452 U.S. 18, 25-27, 68 L. Ed. 2d 640, 101 S. Ct. 2153 (1981). Courts sitting in this District have emphasized that "appointment of counsel for an

---

[4] In addition to the fact that Mr. Atwell has failed to develop these claims, they clearly lack merit. For instance, although he does not explain the claim regarding photocopies in any detail, he repeatedly attempted to make a dozen or more copies of documents he drafted prior to and during trial, despite the fact that only two lawyers were involved in this case. Certainly, limiting Mr. Atwell's attempts to needlessly make multiple copies of documents was reasonable. In any event, Mr. Atwell's claim must be rejected because he has not identified any claim, argument, or right he was forced to forego as a result of limitations on photocopying or other administrative decisions. See Kershner v. Mazurkiewicz, 670 F.2d 440, 442 (3d Cir. 1982)("the appellants did not establish that there was any instance in which they were unable to pursue any legal action because of the cost of legal supplies and photocopying [which the prison imposed on inmates who had funds in their institutional accounts]."); see also, Peterkin v. Jeffes, 855 F.2d 1021 ("A court cannot make the assumption that any alleged administrative deficiency or less than optimal clerical arrangement actually impedes a prisoner's ability to file meaningful legal papers."); Collins v. Algarin, 1998 U.S. Dist. LEXIS 83, *22 (E.D.Pa. 1998)("Not every regulation remotely affecting a prisoner's ability to conduct litigation constitutes an infringement of the fundamental right of court access. To the contrary, reasonable regulations that do not significantly interfere with [that right] may legitimately be imposed.")(citation omitted).

13

indigent litigant generally should be made <u>only</u> upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." <u>Hetzel v. Swartz</u>, 917 F. Supp. 344, 346 (M.D. Pa. 1996)(emphasis added), citing <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984). In evaluating a request for appointment of counsel, the courts consider the merits of the plaintiff's claim, plaintiff's ability to present his case, the complexity of the issues, the extent of any necessary factual investigation and discovery, and plaintiff's ability to conduct such. <u>Soeum v. Zeist</u>, 1997 U.S.Dist.LEXIS 17726, *6 (E.D. Pa. 1997). Because there are "significant practical restraints on the district courts' ability to appoint counsel," attempts to secure appointed counsel should be limited to cases where it is truly necessary. Id., citing <u>Hill v. Davidson</u>, 844 F. Supp. 237, 238 (E.D. Pa. 1994).[5]

Keeping in mind that counsel should be appointed only when "truly necessary," it is clear that Mr. Atwell was not entitled to counsel. First, as discussed above, the vast majority of Mr. Atwell's claims were so deficient that they were dismissed prior to trial or upon directed verdict. Even the single claim which the jury considered was rejected after a short deliberation. Given the overwhelming evidence that Mr. Atwell's medical and dietary needs were met, it can hardly be said that this case had merit. The absence of merit is a factor to be considered in deciding whether to appoint counsel. <u>Soeum</u>, supra.

---

[5] In the noted case of <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993), the Court stated:
> We must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. . . . Hence, district courts should not request counsel under [28 U.S.C.] § 1915(d) indiscriminately.

Id. at 157.

Moreover, with regard to plaintiff's ability to present his case, it must be recalled that Mr. Atwell is a college graduate who is, by all appearances, intelligent. This intelligence is suggested by the fact that Mr. Atwell performed admirably at trial, despite the fact that he is not a lawyer. Also, the nature of this case - which focuses on the adequacy of medical care and food provided to Mr. Atwell - suggests that the means of proof were particularly within Mr. Atwell's personal knowledge because he alone experienced the medical treatments and dietary restrictions at issue. Moreover, like any patient, Mr. Atwell had essentially full access to his medical records.

For these reasons, Mr. Atwell was particularly well-suited to investigate his own case, especially given his apparent intelligence. Under such facts, a request for counsel is properly denied. Brown v. Vaughn, 1996 U.S. Dist. Lexis 5613, *5 (E.D. Pa. 1996)("Plaintiff has exhibited a level of sophistication, understanding, and knowledge that will serve him well as he seeks vindication for the alleged violations of his constitutional rights. Although the Court believes that there may be meritorious civil rights action brought by indigent plaintiffs where the individual is unable to effectively pursue his or her claim and where the interests of justice are best served by appointing counsel, the Court is not convinced that this is one of those cases.").

## V. CONCLUSION

Based on the foregoing, this Honorable Court should decline to award plaintiff post-trial relief.

                                          **MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY: _Matthew L. Owens /JYH_
MATTHEW L. OWENS, ESQUIRE
Pa. I.D. #76080
100 Pine Street, 4th Floor, P.O. Box 803
Harrisburg, PA 17108-0803
(717) 232-9324
Attorney for Defendants

Date: 3-1-00

15

## CERTIFICATE OF SERVICE

I, Matthew L. Owens, Esquire, do hereby certify that on this 2nd day of March, 2001, I served a copy of the foregoing Post-Trial Brief for Defendants via First Class Mail, postage prepaid as follows:

Trial Court:
Honorable Sylvia H. Rambo
United States District Court
Middle District of Pennsylvania
Federal Building
Harrisburg, PA 17101

Plaintiff:
Geoffrey Willard Atwell
No. EF 4571
State Correctional Institution at Dallas
1000 Follies Road
Dallas, PA 18612

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY: _Matthew L Owens/JYH_
MATTHEW L. OWENS, ESQUIRE
Pa. I.D. #76080
JOHN J. HARE
Pa.I.D. #70419
100 Pine Street, Fourth Floor
P.O. Box 803
Harrisburg, PA 17108-0803
(717) 232-9324

Attorneys for Defendants

DATE: 3-1-00

16